UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In Re:
    Stanley Lawrence DiStefano, Jr.,                    Case No. 16-10694
                                                                         Chapter 7
                                    Debtor.
_____

## DECISION AND ORDER

Stanley Lawrence DiStefano, Jr. ("DiStefano" or "Debtor") objects to Endurance American Insurance Company's ("Endurance" or "Creditor") claim. The Court held a hearing on the objection January 9, 2019 and took the matter under advisement on August 9, 2019. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A), and (b)(2)(B).

Endurance filed a claim for $1,769,317 flowing from an indemnification agreement ("the Agreement") dated September 22, 2011. (Claim 13-1.) The Debtor argues that the claim is flawed because Endurance paid certain creditors barred by the statute of limitations, charged unauthorized or unreasonable attorneys' fees, and failed to retrieve and liquidate equipment purloined by another indemnitor. DiStefano also states that the Court should estimate the recovery of a state court action assigned to Endurance and withhold any action pending decisions on Debtor Laurie Todd's objection to Endurance's claim and multiple cases in state court.

Endurance responds that the Debtor offers nothing indicating a lack of good faith as required by Section 4.3 of the Agreement[1] and its request for attorneys' fees is not based on its

---

[1] Paragraph 4.3 of the Agreement states:
    PAYMENTS - In the event of any Loss by Surety, the Principal and each of the other Indemnitors agree to immediately reimburse Surety for any and all payments made by Surety, plus interest from the date of Surety's payment at the rate of 9% per annum or the maximum rate allowable by law, whichever is less. In any accounting among Surety and the Principal and any of the other Indemnitors or in any claim or suit by Surety against Principal or any of the other Indemnitors with respect to a Loss, the vouchers or other evidence of any Loss payments made by Surety shall be prima facie evidence of the fact and amount of the Principal's and each of the other Indemnitors' liability to Surety for such Loss; and Surety shall be entitled to reimbursement for all disbursements

1

secured claim pursuant to 11 U.S.C. § 506(b).  Rather, the fees are related to its unsecured claim, not prohibited by § 502, and are reasonable.  Additionally, Endurance states that nothing in law or the Agreement requires it to pursue the allegedly misappropriated equipment.  Further, Endurance asserts that estimating the Court of Claims lawsuit is improper because it is intangible and impossible to assess.  Although Laurie Todd claims she did not sign the Agreement, the Creditor contends that Section 6.7 of the Agreement binds the other indemnitors.[2]  Endurance concludes that no basis exists for further delay and its claim should be allowed as filed.

After lengthy arguments, the Court indicated its inclination to overrule the objection and does so now for the reasons stated on the record at the hearing on January 9, 2019 and those summarized here.

### I.   Paying Time Barred Claims

At the hearing, Debtor's counsel conceded that bad faith, not mere negligence, would have to be shown for the Debtor to prevail on this issue.  Counsel requested limited discovery and the opportunity to depose Endurance to explore the bad faith question.  The Court agreed to the request and entered an interim order providing that relief on January 31, 2019.  For whatever reason, the Debtor decided against trying to establish Endurance's alleged bad faith through

---

    made in good faith under the belief that Surety is, was, or might be liable for the sums and amounts so disbursed or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency actually existed.

[2] Section 6.7 of the Agreement provides:
    INVALIDITY - Invalidity of any provisions of this Agreement shall not render the other provisions hereof invalid. In case any of the parties mentioned in this Agreement fail to execute the same, or in case the execution hereof by any of the parties be defective or invalid for any reason, such failure, defect or invalidity shall not affect the validity of this Agreement or the liability hereunder of the Principal and any of the other Indemnitors executing the same, but the Principal and each and every other Indemnitor so executing shall be and remain fully bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed. The Principal and each of the other Indemnitors agree to execute promptly any documentation necessary to cure any such failure, defect or invalidity. It is understood and agreed by the Principal and each of the other Indemnitors that the rights, powers, and remedies given Surety under this Agreement shall be and are in addition to, and not in lieu of, any and all other rights, powers, and remedies which Surety may have or acquire against the Principal and each of the other Indemnitors or others, whether by the terms of any Other Agreement or by operation of law or otherwise.

discovery. At the parties' request on August 9, 2019, the Court vacated the interim order for limited discovery and the matter became fully submitted. Thus, with no evidence establishing the necessary bad faith, there is no basis to reduce Endurance's claim on this ground.

II. Attorneys' Fees

Endurance's position is sound. The Debtor misconstrues Endurance's stance on the requested fees. The requested fees relate to Endurance's unsecured claim, thus § 506(b) is not implicated. As the Creditor points out, while unmatured interest is prohibited by § 502, "the Code does not prohibit an unsecured creditor from collecting post-petition attorneys' fees pursuant to an otherwise enforceable pre-petition contract of indemnity." *Ogle v. Fidelity & Deposit Co.*, 586 F.3d 143, 145 (2d Cir. 2009), *cert. denied*, 559 U.S. 1092 (2010). Additionally, the fees are reasonable in scope and amount. Creditor counsel has vigorously represented its client against multiple defendants and debtors in various locations in state and federal court involving numerous hearings, briefings, and appeals. The Creditor's attorneys' hourly rates are considerably less than Debtor's counsel's rates, thus benefitting both Endurance and DiStefano. Also, since the Debtor did not establish bad faith, the attorneys' fees are not subject to reduction on that ground. The fees are allowed.

III. Estimating the Court of Claims Action

The Debtor requests that the Court estimate, pursuant to 11 U.S.C. § 502(c), the value of a New York State Court of Claims action and apply that amount against Endurance's claim.[3] However, Endurance's claim is neither contingent nor unliquidated; there is no basis to invoke § 502(c). In any event, the Court of Claims has decided the case. In a decision dated July 3, 2019

---

[3] Section 502(c) provides in relevant part:
    There shall be estimated for purpose of allowance under this section-
        (1) Any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; . . . .

and filed August 29, 2019, Green Island Contracting, LLC was awarded $37,881.24, a fraction of the original demand.[4] This Court finds it inappropriate to speculate about the Court of Claims decision since both parties may appeal that ruling. Nevertheless, Endurance has a claim that will only be paid once. If Endurance is paid from that action during the Debtor's bankruptcy, its claim will be reduced proportionately. On the other hand, if the chapter 7 pays off Endurance first, any award from the Court of Claims will go back to Green Island.

    IV.    <u>Delaying a Decision on the Claim Objection</u>

The Debtor advances inconsistent positions on when this Court should decide this claim objection. The Debtor is the moving party but his own submissions request that this Court defer and let the New York State Supreme Court determine his liability to Endurance. Flying in the face of his filings, the Debtor filed a letter on August 2, 2019 requesting "that the matter may be considered fully submitted for the Court's determination . . . ." This letter seems to conclusively abandon any request to delay a decision on this matter. However, to the extent the Debtor still argues that the Court should delay and defer to the state court, the objection to Endurance's claim is ripe here after briefing and argument. This case has been subjected to innumerable delays, some unavoidable, some not. It is ironic that the Debtor who filed this objection now requests that it be put into stasis. The Debtor simply cannot have it both ways. Additionally, as Endurance points out, the bankruptcy specific issues raised here will not be addressed in state court. The Court declines to delay any further.

---

[4] In his Reply Affidavit sworn to on October 9, 2018 and filed on October 10, 2018, regarding the Court of Claims action, DiStefano states, "I am informed and believe from my own knowledge of the case, that if largely successful and with the accrual of many years' statutory interest, the recovery for Green Island would easily exceed $1,000,000." (ECF No. 308-2 ¶ 18.)

    V.    <u>Liability of Laurie Todd</u>

The Debtor raises the specter of Ms. Todd's alleged defense to the Agreement and its effect on the Debtor and other indemnitors. As indicated earlier, Section 6.7 of the Agreement eliminates any safe harbor for the other indemnitors in the event of a problem with one of the indemnitor's liability. Thus, any issue regarding Ms. Todd's liability does not affect the Debtor's liability under the Agreement.

    VI.    <u>Failure to Retrieve Collateral</u>

The Debtor argues that Endurance's claim should be reduced because Endurance failed to retrieve certain property taken by another indemnitor. As the Creditor highlights, it has no obligation under the Agreement to retrieve anything. This Court agrees and thus, Endurance's claim stands.

## CONCLUSION

For all of the above reasons, as well as all of the reasons stated on the record at the hearing on January 9, 2019, the objection is overruled and Endurance's claim is allowed as filed. It is SO ORDERED.

Dated: October 30, 2019                   <u>/s/ Robert E. Littlefield, Jr.</u>
    Albany, New York               Robert E. Littlefield, Jr.
                                             United States Bankruptcy Judge